**Fabio CAPECE, Petitioner,**

v.

**W. Raymond NELSON, Warden, Federal Correctional Institution, Danbury, Connecticut, Respondent.**

**Civ. No. B–77–402.**

United States District Court, D. Connecticut.

March 27, 1978.

Fabio Capece, pro se.

Frank H. Santoro, Asst. U. S. Atty., New Haven, Conn., Richard Blumenthal, U. S. Atty., New Haven, Conn., for respondent.

### MEMORANDUM OF DECISION

DALY, District Judge.

Petitioner, Fabio Capece, is an inmate at the Federal Correctional Institution (FCI), Danbury, Connecticut. He claims that he is being illegally incarcerated as the result of improper action taken by the United States Parole Commission and as a result of inadequate assistance of counsel in connection with a motion to vacate his original conviction. His contentions are without merit and the petition for a writ of habeas corpus is denied.

---

On October 6, 1975 petitioner was convicted in the United States District Court for the Southern District of New York of conspiracy to violate the narcotic laws. On November 21, 1975, petitioner received a three-year regular adult term of incarceration on this conviction with a three-year special parole term to follow.

On October 22, 1976, petitioner was afforded his initial parole hearing at FCI, Danbury, Connecticut. At the hearing petitioner was denied parole and his case was continued for a regular review hearing in June 1977. Petitioner was informed of this decision by Notice of Action dated November 4, 1976, and the decision was affirmed on regional and national administrative appeal.

In May 1977, the Commission reviewed petitioner's case on the record in accordance with 28 C.F.R. § 2.14(b), 41 Fed.Reg. 37321 (1976). The Commission decided to parole petitioner effective August 16, 1977 *for deportation only*.

By letter dated July 8, 1977, petitioner, through the Yale Legal Services Organization, requested that the Commission modify its decision from a grant of parole "for deportation only" to a grant of parole to the custody of the immigration authorities. 28 C.F.R. § 2.32(b). On July 20, 1977, the Commission informed the Yale Legal Services Organization that sufficient information was not provided to justify a recommendation to modify petitioner's parole status. The Commission also explained that petitioner could not be released from custody under the limited parole grant "for deportation only" unless the deportation proceedings have been finalized.

On August 30, 1977, the Commission was informed by the United States Probation Office in the Southern District of New York that petitioner was released from FCI on an immigration bond and was contesting the deportation proceedings. Since deportation proceedings were not finalized, petitioner was deemed to be unlawfully released from Danbury under his limited parole grant. Accordingly, the Commission decided to re-open his case and to schedule

him for a hearing upon his return to a federal institution. Petitioner was informed of this decision by Notice of Action dated August 31, 1977 and on September 1, 1977 he surrendered to the federal authorities.

On October 17, 1977, petitioner received a hearing at FCI. The purpose of this hearing was to determine whether petitioner's limited parole grant should be retained or modified. At the hearing, the examiner panel reviewed petitioner's situation and his institutional adjustment since being reincarcerated. The panel determined to revoke petitioner's limited parole grant and to continue his case to the expiration of his sentence, which has been tentatively computed by the Bureau of Prisons to be April 22, 1978. Petitioner was informed of these decisions by Notices of Action dated November 3, 1977.

The first issue raised by petitioner is whether his parole was properly revoked. The resolution of this issue turns on the limited nature of a parole for deportation only. This type of parole contemplates the finalization of deportation proceedings before an inmate's release and his immediate deportation upon release. The conditional nature of petitioner's parole was carefully articulated in his parole certificate which states, in relevant part, that

the parole is granted subject to the express condition that he be deported and remain outside the United States and all places subject to its jurisdiction. However, *in the event the said prisoner is not deported*, or, if deported [and] he returns to the United States, or any other place subject to its jurisdiction, *before the expiration of his parole December 4, 1978, this parole shall become null and void* and the said prisoner shall thereafter be taken into custody . . . " (emphasis added).

Therefore, the Commission properly revoked petitioner's parole on the bases of the failure of a condition precedent to his release as well as the failure of a condition subsequent to his continued parole. Not only should petitioner not have been pa-

**1178**

roled until his deportation proceedings had been finalized, but his parole terminated by its very terms when he was not deported. The revocation of petitioner's parole was entirely proper.

The second issue raised by petitioner concerns the claim that he was inadequately represented by counsel in his efforts to vacate his original conviction. This claim was made pursuant to 28 U.S.C. § 2255. To the extent that petitioner's claim qualifies as a § 2255 motion collaterally attacking his sentence, petitioner is seeking redress from the wrong court. The law is quite explicit in requiring § 2255 motions to be addressed to the sentencing court. 28 U.S.C. § 2255. If petitioner does in fact have grounds for attacking his sentence, then he must address his motion to the court which imposed the sentence.

The petition for writ of habeas corpus is denied.